**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOHN BALDWIN,

      *Petitioner,*

 v.

DAVID ORTIZ, *et al.*,

      *Respondents.*

CIVIL ACTION
NO. 15-4397

## ORDER

 **AND NOW**, this 24th day of January, 2017, upon careful and independent consideration of the petition for a Writ of Habeas Corpus, (ECF No. 1), the Commonwealth's Response, (ECF No. 12), and the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, (ECF No. 14), it is hereby **ORDERED** that:

 1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

 2. The Petition for a Writ of Habeas Corpus is **DISMISSED** with prejudice;

 3. There is no probable cause to issue a certificate of appealability;[2] and

 4. This case shall be **CLOSED** for statistical purposes.

---

[1] When no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, therefore, this Court will review [a] Magistrate Judge['s] . . . Report and Recommendation for 'clear error.' "). No clear error appears on the face of the record and the Court accordingly accepts Judge Carol Sandra Moore Wells' recommendation.

[2] Reasonable jurists would not debate the Court's disposition of petitioner's claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.